[Civ. No. 22675.   Second Dist., Div. One.   Apr. 18, 1958.]

MILTON D. WHITNEY, Appellant, v. JOSEPH J. LEIPZIGER et al., Respondents.

N. E. Youngblood for Appellant.

Horowitz & Howard for Respondents.

DRAPEAU, J.*—Appellant Whitney, a general contractor, entered into a written agreement with respondent Leipziger under which Whitney was to act as the ''managing supervisor and responsible managing officer . . . in connection with the subdivision and development of the hereinafter described tracts and the construction of houses thereon, and that plaintiff would be employed upon a monthly salary in the sum of $866.66 per month, plus a certain incentive bonus on each tract, to be computed on the basis of the net profits derived

*Assigned by Chairman of Judicial Council.

from the sale of said houses." Appellant alleged and testified that he left an advantageous position to accept such employment.

It is alleged that, from September 11, 1954, to January 6, 1956, plaintiff performed his duties pursuant to this agreement, at which time defendants wrongfully terminated plaintiff's appointment; that it would have taken approximately two years to complete the contemplated work; that the defendants "informed plaintiff that they would pay no bonus whatsoever." Whitney claimed damages by way of loss of wages in the sum of $20,800, and loss of bonuses on the amount of $75,568. In other counts plaintiff asked for an accounting, and for declaratory relief.

The defendants deny that "plaintiff is entitled to redress . . . for any matter or thing alleged in said second amended complaint;" admit executing the contract of employment, plaintiff's previous employment, and his performance of certain duties during the period in question. It is alleged that on January 6, 1956, "defendant Foremost notified plaintiff that his services would be no longer required by reason of plaintiff's failure to properly perform his services; that plaintiff thereupon requested that he be permitted to remain in the employ of said defendants for a period of two weeks longer, to assist said defendants in completing those of the 120 houses on said Tract 20732," to which continuation defendants agreed, but that, nevertheless, "on January 9, 1956, plaintiff did not return to work, but accepted a position with another company."

The answer also states that, "defendant Foremost advised plaintiff on January 6, 1956, that notwithstanding his failure to properly perform his services for it, said company nevertheless would pay him an incentive bonus of 3½% on the net profit of the 120 houses, . . . as soon as said houses were completed and sold and the certified public accountant . . . had completed his audit thereof," but that at the commencement of this action, not all of the houses had been sold and the accountant was not able to ascertain the net profits realized. In a later paragraph, defendants again "allege that defendant Foremost agreed to pay a bonus of 3½% on net profits," but that such profits had not yet been ascertained.

After a trial without a jury, lasting 10 days, the trial court gave judgment against the plaintiff and in favor of all defendants. It is from this judgment that plaintiff appeals. Appellant's contention is that "Plaintiff is entitled to his

bonus on Tract 20732 as a matter of law, and the judgment in favor of all defendants is therefore erroneous." This argument is predicated upon the statements in the answer, hereinbefore mentioned, to the effect that defendants "agreed to pay a bonus of 3½% on the net profits;" and that since "defendants conceded and admitted their obligation to plaintiff, . . . it was error for the Court to hold to the contrary."

Appellant's contention is specious in nature, and cannot be sustained. As pointed out in respondents' brief, the argument is based upon only a partial survey of the allegations contained in the answer, and a partisan view of certain evidence which is in conflict with other evidence supporting the judgment. In respect to the answer, Paragraph X thereof, specifically alleges that notwithstanding the agreement that plaintiff was to continue work for another two weeks in order to assist in completing certain houses, "on January 9, 1956, plaintiff did not return to work, but accepted a position with another company." As respondents state, "a large portion of the ten-day trial was devoted to this phase of the case."

That this was a vital issue in the case, can hardly be denied, and the record indicates that the trial was conducted on this theory. This matter is particularly important inasmuch as the agreement between the parties specifies that "Should you voluntarily leave the employ of the company, or should you be discharged for just cause, prior to completion and sale of all of the houses in a tract, then you shall not be entitled to any bonus regardless of the number of houses completed and sold at the termination of your employment." The circumstances surrounding plaintiff's dismissal and his alleged voluntary abandonment of work after agreeing to stay on for two weeks, were matters of considerable moment in reference to defendants' liability.

The record certainly discloses substantial evidence in support of the trial court's decision to the effect that plaintiff was entitled to receive nothing from the defendants. This state of the record brings into play the long established principle that an appellate tribunal will not then attempt a reappraisal of the evidence but will accept the conclusions of the trial court.

Nor can it be said that the trial court was in error for failing "to declare the respective rights of the parties in connection with the profits." As a matter of fact, that is exactly what the court did do, by declaring that plaintiff was entitled to receive nothing. No other or further declaration was re-

quired. And, of course, a court may as well deny declaratory relief as well as any other kind of relief.

The decision was not, as appellant claims, one which controverts an admission by the defendants and which should have been decided in plaintiff's favor as a matter of law. It was rather, a decision based upon substantial evidence, as hereinbefore indicated. Both sides were given ample opportunity to present their respective theories, and the record reveals no reversible error.

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.